| | |
|---|---|
| **WO** | MDR |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| John H. King, II, | ) | No. CV 11-1757-PHX-GMS (LOA) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles Ryan, et al., | ) | |
| Respondents. | ) | |

On September 6, 2011, Petitioner John H. King, II, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a "Motion to Request for Extension of Time to File Petition under 28 U.S.C. § 2254." Petitioner requests that the Court grant him an additional 90 days within which to file his habeas corpus petition because of "extenuating circumstance[s] beyond [his] control." He claims he has been moved from one prison to another, that "important case law" were misplaced during the moving process, and that he has been on institutional lockdown for several days and has not had access to the library.

Petitioner's "Motion to Request for Extension of Time" is not accompanied by a petition for writ of habeas corpus. The Court is not able to construe Petitioner's "Motion to Request for Extension of Time" as a petition for writ of habeas corpus because the "Motion to Request for Extension of Time" is not accompanied by the statutory filing fee or an application to proceed *in forma pauperis*, is not filed on the court-approved form for filing

a petition for writ of habeas corpus, does not specify any grounds for habeas corpus relief, does not set forth any facts supporting any grounds, and does not specify the habeas relief requested. See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. Also, Petitioner's "Motion to Request for Extension of Time" does not provide any information about Petitioner's conviction, such as the crime(s) for which he was convicted, the date of his conviction, or when his judgment of conviction was final.

Essentially, Petitioner is seeking an advisory opinion from this Court regarding the application of the time limits imposed by 28 U.S.C. § 2244(d)(1), which provides in part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, a federal court may not issue advisory opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Accordingly, the Court lacks jurisdiction to entertain Petitioner's "Motion to Request for Extension." The Court will therefore deny without prejudice the "Motion to Request for Extension of Time" and will dismiss without prejudice this case.

Because this matter is being dismissed without prejudice, Petitioner is in no way prevented by this Order from filing a petition for writ of habeas corpus in this Court. Any future petition filed by Petitioner should: (1) name Petitioner's current custodian as a respondent, (2) show how Petitioner is being held in custody in violation of the Constitution, laws, or treaties of the United States, (3) specify all the exhausted grounds for relief available to Petitioner, (4) set forth in summary form the facts supporting each of his grounds, and (5) provide information as to how Petitioner has first exhausted his state court remedies as to each ground on which he requests action by this Court. Petitioner must also use the court-approved form. See Local Rule of Civil Procedure 3.5(a) (habeas petitioners must use the court-approved form when filing a *pro se* petition pursuant to 28 U.S.C. § 2254).

In the event that the respondent in any future habeas action instituted by Petitioner raises the 1-year period of limitation in 28 U.S.C. § 2254(d) as an affirmative defense,

Petitioner will be free to argue that his petition is subject to equitable tolling. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (Section 2244(d) is subject to equitable tolling based on a showing that "exceptional circumstances" beyond the prisoner's control made it impossible to file his petition on time).

**IT IS ORDERED:**

(1) Petitioner's "Motion to Request for Extension of Time to File Petition under 28 U.S.C. § 2254" (Doc. 1) is **denied without prejudice**.

(2) This matter is **dismissed without prejudice for lack of jurisdiction** and the Clerk of Court must enter judgment accordingly.

DATED this 8th day of September, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge